### SELNICK v. EPSTEIN & SCHLAM.

(Supreme Court, Appellate Term.  December 16, 1908.)

JUDGMENT (§ 255*)—EVIDENCE TO SUPPORT.

    In an action against two defendants to recover a deposit made on a soda water stand, a judgment against both of them cannot stand, where the uncontroverted evidence shows that the deposit was made with only one of them and that the other never had it or any part of it.

    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 255.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Gitman Selnick against Epstein & Schlam. Judgment for plaintiff, and defendant Schlam appeals. Reversed, and new trial ordered as to appellant.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Lester W. Eisenberg, for appellant.
Jos. L. Lefkowitz, for respondent.

PER CURIAM. The plaintiff sues these defendants to recover the sum of $50 deposited by him towards the purchase price of a soda water stand. Both defendants were sued, and both appeared upon the trial, and the clerk certifies that judgment was rendered in favor of the "plaintiff and against the defendant"; but whether against both defendants does not appear, nor does it appear which defendant the judgment was rendered against. Schlam is the only defendant that appeals, and as to him there is no evidence that he ever received the deposit made by the plaintiff. On the contrary, it appears that Epstein owned a store and that Schlam rented a soda water stand therein of Epstein. The plaintiff desired to purchase this stand and the price agreed to be paid was $800. He testifies that he deposited $50 with Epstein, and was to have three days' use of the stand in which to ascertain the amount of the daily receipts, and that he was not allowed to do so. This was disputed by the defendants, who asserted that the sale was an absolute one, on which plaintiff paid to Epstein a deposit of $50, and agreed to, but failed to, pay the balance on the fol-

lowing Monday. With whichever party lies the truth we need not determine, as the testimony of the plaintiff is that the deposit was placed with Epstein, and it is not claimed or shown that Schlam ever had it or any portion of it. The judgment as to him must therefore be reversed.

Judgment as to defendant Schlam reversed, and new trial ordered, with costs to appellant to abide the event.